

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **COOPER BAUCK CORP.,** | ) | |
| | ) | |
| Plaintiff, | ) | 05 C 7063 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| **DOLBY LABORATORIES, INC.,** | ) | |
| **DENON ELECTRONICS (USA), LLC,** | ) | |
| and **ABT ELECTRONICS, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Dolby Laboratories, Inc. ("Dolby"), Denon Electronics (USA), LLC ("Denon"), and Abt Electronics, Inc. ("Abt") motion to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a). For the reasons set forth herein, the Court grants defendants' motion.

## FACTS

On December 15, 2003, Plaintiff Cooper Bauck Corp. ("Cooper Bauck") sued Dolby, Denon, and Abt for infringing U.S. Patent No. 4,893,342 and U.S. Patent No. 5,034,983, both assigned to Cooper Bauck, by manufacturing, using, selling or offering to sell audio processing products embodying claimed elements to customers in the United States. (Compl. ¶¶ 9-10.) More specifically, Dolby developed and licensed the accused infringing technology to various entities including Denon. (Dolby's Br. Supp. Mot. Transfer, Ex. A, Biber Decl. ¶¶ 3, 6.) Denon, a consumer electronics manufacturer, then allegedly incorporated the accused technology into its devices, selling thousands of units throughout the United States. (*Id.*, Ex. B, Baker Decl. ¶¶ 4, 7-

8.) Through the end of 2005, Denon had sold to Abt over one hundred of these devices. (*Id.* ¶ 9.) Located at a single facility in Illinois, and doing business via a website through which it sells consumer electronics and major appliances, Abt then sold eleven of these devices to customers located in Illinois, Wisconsin, California, New Jersey, and Massachusetts from its headquarters in Illinois. (*Id.*, Ex. C, Peterson Decl. ¶¶ 8-9, 14-15.) The quantity sold to customers in Illinois is unknown. Abt sold four of these devices to customers located in the Northern District of California. (Dolby's Reply Br. Supp. Mot. Transfer, Ex. D, Peterson Decl. ¶ 11.)

Cooper Bauck is an Illinois corporation with its principal place of business in Tempe, Arizona. (Compl. ¶ 1.) Dolby is a Delaware corporation with its principal place of business in San Francisco, California; Denon is a New Jersey corporation with its principal place of business in Pine Brook, New Jersey; and, Abt is an Illinois corporation with its principal place of business in Glenview, Illinois. (*Id.* ¶¶ 2-4.)

## DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), a federal district court may "for the convenience of the parties and witness and in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). It is appropriate for a district court to transfer venue only where "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witness as well as the interest of justice." *United Air Lines, Inc. v. Mesa Airlines, Inc.* 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). Because determining whether to transfer venue "involves a large degree of subtlety and latitude," and is made on a case-by-case basis, it is "committed to

2

the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219; *see Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000).

In patent cases, venue is governed by 28 U.S.C. § 1400(b), which provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For purposes of 28 U.S.C. § 1400(b), a non-resident corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c); *see VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583-84 (Fed. Cir. 1990).

## I. Venue Is Proper in the Northern District of Illinois

The parties do not dispute that the Northern District of Illinois is a proper venue.[1] Defendants merely argue that the case should be transferred to the Northern District of California based on convenience and the interest of justice. Thus, the Court finds that venue is proper in this district as to all defendants.

## II. Jurisdiction and Venue Would Be Proper in the Northern District of California

Because venue in a patent action against corporate defendants exists wherever there is personal jurisdiction over those defendants, no separate venue inquiry is necessary. *Trintec*

---

[1] Because defendants have moved to transfer venue before moving to dismiss for lack of personal jurisdiction or asserting lack of personal jurisdiction as an affirmative defense in their answers to the complaint, they have waived their objection to personal jurisdiction in this district. *See, e.g., Berol Corp. v. BIC Corp.*, No. 02 C 559, 2002 WL 1466829, at *1 (N.D. Ill. July 8, 2002); *United States v. B.R. MacKay & Sons, Inc.*, No. 85 C 6925, 1986 WL 13717, at *6 (N.D. Ill. Nov. 28, 1986).

3

*Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005). Whether personal jurisdiction exists in the Northern District of California over alleged out-of-state patent infringers is an issue to be determined by precedent of the Federal Circuit, rather than that of the Ninth Circuit. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994).

A district court may exercise personal jurisdiction over an out-of-state defendant when (1) the forum state's long-arm statute allows service of process and (2) the assertion of personal jurisdiction would not violate due process. *Inamed Corp. v. Kumak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). "[B]ecause California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." *Id.* at 1360; *see* CAL. CIV. PROC. CODE § 410.10 (West 2005).

Jurisdiction comports with due process if a defendant has sufficient minimum contacts with the forum. *Inamed*, 249 F.3d at 1360. To determine whether minimum contacts exist, the court asks whether "the defendant 'has purposefully directed his activities at residents of the forum'" (referred to as general jurisdiction) or whether "'the litigation results from alleged injuries that arise out of or relate to those activities'" (referred to as specific jurisdiction). *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985)). The concept of minimum contacts "protects the defendant against the burdens of litigating in a distant or inconvenient forum" and "acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). However, even if minimum contacts exist, the court must then determine whether assertion of personal jurisdiction is constitutionally reasonable, *i.e.*, whether litigating in the particular forum would offend

4

"'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

As a preliminary matter, Cooper Bauck concedes that a court in the Northern District of California may properly exercise personal jurisdiction as to Dolby. (Cooper Bauck's Br. Opp'n Mot. Transfer 2; Dolby's Br. Supp. Mot. Transfer, Ex. A, Biber Decl. ¶ 2.) Therefore, the remainder of the personal jurisdiction analysis focuses on Denon and Abt.

### A. General Jurisdiction

A court may exercise general personal jurisdiction where a defendant has "continuous and systematic" contacts with the forum state even though the cause of action has no relation to those contacts. *Helicopteros Nacionalaes de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *LSI Indus. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

In the instant case, Denon, which is not a resident of California, conducts yearly sales visits to dozens of distributors and dealers in the Northern District of California that sell Denon products incorporating the accused infringing technology. (Dolby's Reply Br. Supp. Mot. Transfer, Ex. E, Baker Decl. ¶ 5.) Furthermore, Denon continually solicits business from these dealers throughout each year. (*Id.*) The Court holds that through Denon's sales and solicitation of sales, it has had continuous and systematic contacts with California.

As for Abt, it has purposefully reached out to consumers within the Northern District of California by directing hundreds of promotional emails to actual and potential customers within that district. (*Id.*, Ex. D, Peterson Decl. ¶ 8.) Through its website, Abt generated millions of dollars in revenue in each of the years 2004 and 2005 from sales made to the Northern District of California. (*Id.* ¶¶ 7-8.) This is sufficient to establish Abt's continuous and systematic contacts

with California.

## B. Specific Jurisdiction

Patent infringement occurs when a party "without authority makes, uses, offers to sell or sells any patented invention." 35 U.S.C. § 271(a). Thus, a state can assert specific jurisdiction over a defendant only if the defendant commits one of these acts in that state. *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1308 (Fed. Cir. 1999).

In the past three years, Denon has sold nearly one thousand units incorporating the accused infringing technology to distributors and dealers in the Northern District of California. (Dolby's Reply Br. Supp. Mot. Transfer, Ex. E, Baker Decl. ¶¶ 1-4.) Abt has sold at least four Denon products incorporating the accused infringing technology to customers in the Northern District of California, generating approximately $3,500.00 in revenue. (*Id.*, Ex. D, Peterson Decl. ¶ 11.) Therefore, Denon and Abt are also subject to personal jurisdiction in the Northern District of California because they have sold products in that district that give rise and directly relate to Cooper Bauck's cause of action.

## C. Constitutional Reasonableness

Whether the exercise of jurisdiction is constitutionally reasonable depends on several factors: "(1) the burden on the defendant, (2) the interests of the forum State; (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive social policies." *Inamed*, 249 F.3d at 1363. "[C]ases where a defendant may defeat otherwise constitutional personal jurisdiction should be 'limited to the rare situation

in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.'" *Id.* (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1549 (Fed. Cir. 1995)).

In this case, because the burden on Dolby, Denon and Abt is slight, California has a keen interest in the litigation in order to determine whether products being sold to its residents infringe Cooper Bauck's patent, Cooper Bauck has an interest in obtaining relief, and the resolution of the controversy in California will efficiently serve the interests of justice (as discussed below), the Court holds that litigating in the Northern District of California does not offend traditional notions of fair play and substantial justice. In light of defendants' marketing, licensing, and sale of the accused infringing technology or products that incorporate that technology in the Northern District of California, they could reasonably anticipate being haled into court there. In sum, defendants have sufficient minimum contacts with the Northern District of California such that exercise of personal jurisdiction over them comports with due process.

### III.  Transfer Will Serve Convenience of Parties and Witnesses and Interests of Justice

On a motion to transfer venue, the party seeking transfer "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient" than the transferor forum. *Coffey*, 796 F.2d at 219-20. When making a transfer determination, the court considers both the private interest of the parties and the public interest of the court. *Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992).

#### A. Private Interest Factors

7

Factors for the court to consider in assessing private interests include: (1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses. *Amoco Oil*, 90 F. Supp. 2d at 960. The Court addresses the factors in turn.

### 1. Plaintiff's Choice of Forum and Situs of Material Events

Generally, a plaintiff's choice of forum is provided substantial weight. *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982); *Amoco Oil*, 90 F Supp. 2d at 960; *United Air Lines*, 8 F. Supp. 2d at 798. However, deference to the plaintiff's choice of forum should be minimized where it is not the situs of material events. *R.E. Davis Chem. Corp. v. Int'l Crystal Labs., Inc.*, No. 03 C 7288, 2004 WL 2191328, at *5 (N.D. Ill. Sept. 27, 2004); *Coleman v. Buchheit, Inc.*, No. 03 C 7495, 2004 WL 609369, at *1 (N.D. Ill. Mar. 22, 2004). When a plaintiff's choice of forum has "relatively weak connections with the operative facts giving rise to the claim," it is afforded less importance and becomes only one of many factors to be considered by the court. *Von Holdt*, 887 F. Supp. at 188; *see Amoco Oil*, 90 F. Supp. 2d at 961; *Technical Concepts L.P. v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 WL 31433408, at *3 (N.D. Ill. Oct. 31, 2002); *Berol*, 2002 WL 1466829, at *4.

Here, because Abt's sale of eleven devices incorporating the accused infringing technology creates only a minimal connection with Cooper Bauck's choice of this forum, it is necessary to compare the connections of each district with the operative facts giving rise to Cooper Bauck's claim. Cooper Bauck contends that its claim is sufficiently connected to the Northern District of Illinois because Cooper Bauck is an Illinois corporation, has a registered agent in this district, licenses intellectual property from its attorneys' offices located in this

8

district, stores relevant documents in this district, maintains financial accounts in the Central District of Illinois, has a corporate officer residing in the Central District of Illinois, and the inventions at-issue were conceived, reduced to practice, and patented in Illinois. (Cooper Bauck's Br. Opp'n Mot. Transfer 7.)

While these facts establish some connection to this district, the alleged infringement goes far beyond Abt's eleven sales from the Northern District of Illinois, and "sales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states." *Anchor Wall Sys., Inc. v. R&D Concrete Prods., Inc.*, 55 Supp. 2d 871, 874 (N.D. Ill. 1999); *see Berol*, 2002 WL 1466829, at *4. Here, at least 22,000 units incorporating the accused infringing technology have been sold nationwide. The nature of Cooper Bauck's business operations in the Northern District of Illinois and Abt's sale of eleven products incorporating the accused infringing technology from this district, at best, establish a minimal connection between this district and the pertinent facts giving rise to this cause of action.

Dolby, Denon and Abt argue that the Northern District of California is the situs of material events because the research, development, patenting, implementation, testing, marketing, and licensing of the accused infringing technology all occurred there. (Dolby's Br. Supp. Mot. Transfer 4.) Furthermore, Dolby's principal place of business is in the Northern District of California (Compl. ¶ 2); Dolby licenses the accused infringing technology to more licensees in the Northern District of California than any other district (Dolby's Reply Br. Supp. Mot. Transfer, Ex. F, Biber Decl. ¶ 3); Denon has sold to electronic retailers within the Northern District of California products that incorporate the accused infringing technology (Dolby's Br. Supp. Mot. Transfer, Ex. B, Baker Decl. ¶ 10); and Abt has also sold to consumers within the Northern District of California at least four Denon products that incorporate the accused

9

technology (Dolby's Reply Br. Supp. Mot. Transfer, Ex. D, Peterson Decl. ¶ 11). Such factors are given significant weight because in patent infringement cases, "'the location of the infringer's principal place of business is often the critical and controlling consideration' because such suits 'often focus on the activities of the alleged infringer, its employees, and its documents,' rather than upon those of the plaintiff[]." *Technical Concepts*, 2002 WL 31433408, at *3 (quoting *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott L.P.*, 807 F. Supp. 470, 474 (N.D. Ill. 1992)); *Energaire Corp. v. E.S. Originals, Inc.*, No. 99 C 3252, 1999 WL 1018039, at *3 (N.D. Ill. Nov. 2, 1999).

In sum, Cooper Bauck has chosen a forum with a rather weak connection to defendants' actions giving rise to the claim, which results in the factor weighing ever so slightly against transfer. Because the situs of material events lies predominantly in the Northern District of California, this factor weighs heavily in favor of transfer.

### 2. Ease and Access to Sources of Proof

Cooper Bauck asserts that access to sources of proof is easier in this district than in the Northern District of California because its and Abt's documents are located here and because this district is centrally located amongst licensees of Dolby's accused infringing technology, from whom Cooper Bauck will presumably subpoena documents. (Cooper Bauck's Br. Opp'n Mot. Transfer 8-9.) However, Dolby maintains that the comparative bulk of relevant documents resides in the Northern District of California, and that Dolby's listening facilities and physical equipment, which Cooper Bauck has requested to inspect, cannot conveniently or logistically be moved to Illinois. (Dolby Reply Br. Supp. Mot. Trans. 9-10.) Neither Denon or Abt has engineering records or other documents in its possession, custody, or control that disclose the

technical operation of the accused infringing technology. (*See* Def.'s Mot. Transfer, Ex. B, Baker Decl. ¶ 6.)

Here again, because this is a patent case, more focus is placed on the location of defendant's activities, employees, and facilities. *Technical Concepts*, 2002 WL 31433408, at *3. As for relevant records and documents, there is no doubt that "all relevant documents will be collected, copied, inspected and sent to the office of trial counsel" regardless of the venue. *Sch. Stuff, Inc. v. Sch. Stuff, Inc.*, No. 00 C 5593, 2001 WL 558050, at *5 (N.D. Ill. May 21, 2001). Thus, because virtually all of the relevant non-documentary evidence resides almost wholly in the Northern District of California, this factor weighs in favor of transfer.

### 3. Convenience of the Parties

This factor concerns the "residence of the parties and their ability to bear the expense of trial in a particular forum." *Medi USA*, 791 F. Supp. at 210. Cooper Bauck maintains that this is the more convenient venue for all the parties because neither Abt nor Denon expressly state that the Northern District of California is a more convenient forum and because it would be more cost prohibitive for the smaller Cooper Bauck, rather than Dolby, to litigate this case outside its home forum. (Cooper Bauck's Br. Opp'n Mot. Transfer 11.) In contrast, Dolby argues that its home forum in the Northern District of California is the most convenient venue for all parties because Cooper Bauck's principal place of business is in Arizona. (Dolby Reply Br. Supp. Mot. Trans. 11.) Here, because at least one of the parties will be inconvenienced regardless of the forum, this factor is neutral. *See I.P. Innovation, L.L.C. v. Lexmark Int'l, Inc.*, 289 F. Supp. 2d 952, 955 (N.D. Ill. 2003) ("[A] motion to transfer cannot be used simply to shift the one party's inconvenience onto another party.").

### 4. Convenience of the Witnesses

The convenience of the witnesses is often the most important factor in the venue transfer analysis. *R.E. Davis*, 2004 WL 2191328, at *6. When considering this factor, the number of witnesses located in each district and the importance of their testimony should be considered. *Medi USA*, 791 F. Supp. at 210. Additionally, the court may consider whether the witnesses can be compelled to testify. *Id.* at 211. The party seeking the transfer must specify the key witnesses to be called and make a generalized statement of what their testimony would include. *Technical Concepts*, 2002 WL 31433408, at *4.

Cooper Bauck has identified one company, Motorola Inc., headquartered in this district, from which Cooper Bauck intends to call a potential third-party witness. (Cooper Bauck's Br. Opp'n Mot. Transfer 11.) Cooper Bauck alleges that Motorola has sold products incorporating the accused infringing technology, and therefore Cooper Bauck intends to seek records and subpoena a witness from Motorola on relevant issues. (*Id.* at 12.) However, Motorola has since disassociated itself from Freescale Semiconductor, Inc., the former Motorola division that sold such products that is now a separate entity located in Texas. (Dolby's Reply Br. Supp. Mot. Transfer 9.) Dolby has identified seven companies that are licensees of the accused infringing technology located within the subpoena power of the Northern District of California and whose employees will be called as third-party witnesses to testify as to how each of the companies used such technology. (Dolby Reply Br. Supp. Mot. Transfer, Ex. F, Biber Decl. ¶ 2.) Thus, no third-party witnesses reside in this district, and the only third-party witnesses that have been identified reside in Texas or the Northern District of California. Accordingly, this factor favors transfer.

## B. Public Interest Factors

Public interest factors, or interests of justice, "relate to the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Von Holdt v. Husky Injecting Molding Sys. Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995).

### 1. Court's Familiarity with the Law

Patent infringement is a question of federal law. This Court and the Northern District of California are "equally well-equipped to accommodate patent infringement cases." *See Berol*, 2002 WL 1466829, at *6. Thus, this factor weighs neither in favor of nor against transfer.

### 2. Congestion of Respective Dockets

When considering this issue, the two most relevant statistics are the median months from filing to disposition and the median months from filing to trial. *Amoco Oil*, 90 F. Supp. 2d at 962. In the Northern District of Illinois, the median time from filing to disposition is 5.8 months and from filing to trial is 24.7 months. ADMINISTRATIVE OFFICE OF U.S. COURTS, 2005 ANNUAL REPORT OF THE DIRECTOR 188-90 tbl. C-5 (2005), *available at* http://www.uscourts.gov /judbus2005/appendices/c5.pdf. In the Northern District of California, the median time from filing to disposition is 6.4 months and from filing to trial is 26.0 months. *Id.* In addition, Dolby argues that a recent five-year, empirical analysis of patent enforcement in the district courts shows that 71% of patent cases in the Northern District of California reach resolution prior to any significant court action, while only 53% of such cases are resolved early in the Northern

13

District of Illinois. Kimberly A. Moore, *Forum Shopping in Patent Cases: Does Geographic Choice Affect Innovation?*, 79 N.C. L. REV. 889, 912 tbl. 5 (2001).

The Court finds the difference between the congestion of the respective courts' dockets is relatively minimal (in favor of this district) and the empirical study on patent enforcement shows that more cases are resolved earlier in the proceedings in the Northern District of California than in the Northern District of Illinois. Thus, this factor weighs neither in favor of nor against transfer.

### 3. Desirability of Resolving Controversies in Their Locale

"Resolving litigated controversies in their locale is a desirable goal of the federal courts." *Doage v. Bd. of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997). The controversy in patent infringement actions typically centers on where the defendant's activities occurred. *Technical Concepts*, 2002 WL 31433408, at *7. Where an accused product is distributed and sold throughout the United States, "several states . . . share [an] interest in redressing the alleged infringement." *Id.*

In this case, it has been established that much of the alleged activities that allegedly infringed Cooper Bauck's patent occurred in the Northern District of California, including the research, development, patenting, implementation, testing, marketing and licensing of the accused infringing technology, as well as sale of products that incorporated the accused infringing technology. While Illinois has an interest in protecting those within the state from patent infringement and in preventing infringers from operating within its boundaries, because the alleged infringing technology was sold in several states, including California, California shares Illinois' interests. As such, this factor weighs in favor of transfer to the Northern District

14

of California.

In sum, the situs of material events, the ease and access to sources of proof, the convenience of public witnesses, and the desirability of resolving the controversy in its locale all heavily favor transferring venue. All other factors (except for plaintiff's choice of forum, which weighs slightly against transfer) remain neutral. As such, the Court finds transferring this case to the Northern District of California is appropriate.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a). This case is hereby transferred to the U.S. District Court for the Northern District of California.

**SO ORDERED**  ENTERED: 6/19/06

HON. RONALD A. GUZMAN
United States Judge